*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-BG-462

IN RE CLAUDIA PS BOTTY-VAN DEN BRUELE, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 459210)

On Report and Recommendation of the Board on Professional
Responsibility Hearing Committee Eleven
Approving Petition for Negotiated Discipline
(BDN 21-ND-008; DDNs 127-16 & 276-17)

(Decided: July 14, 2022)

Before MCLEESE and DEAHL, *Associate Judges*, and WASHINGTON, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Claudia PS Botty-Van Den Bruele voluntarily acknowledged that she failed to (1) communicate, in writing before or within a reasonable time after

commencing a representation, the basis or rate of the fee and the scope of the representation, (2) maintain complete financial records, and (3) treat advances of unearned fees and costs as client property without obtaining informed consent to a different arrangement. As a result, respondent violated D.C. Rules of Professional Conduct 1.5(b), 1.15(a), and 1.15(e). The proposed discipline is a sixty-day suspension, stayed as to all but thirty days and probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified.'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12(c)(3)). Accordingly, it is

ORDERED that respondent Claudia PS Botty-Van Den Bruele is hereby suspended from the practice of law in the District of Columbia for sixty days, stayed as to all but thirty days provided that respondent complies with the following conditions of probation:

(i) respondent must take three hours of pre-approved continuing legal education related to the maintenance of trust accounts, record keeping, and/or safeguarding client property, including advanced costs, and respondent must

certify and provide documentary proof that she has met this requirement to the Office of Disciplinary Counsel within six months of the date of this opinion; and

(ii)    respondent must meet with Dan Mills, Esquire, the Manager of the Practice Management Advisory Service of the District of Columbia Bar, in respondent's office within two months of the date of this opinion.  At that time, respondent must execute a waiver allowing Mr. Mills and/or the practice monitor to communicate directly with the Office of Disciplinary Counsel regarding her compliance.  When respondent meets with Mr. Mills in her office, Mr. Mills shall conduct a full assessment of respondent's business structure and her practice, including but not limited to reviewing financial records, client files, engagement letters, supervision and training of staff, and responsiveness to clients.  Mr. Mills and/or the assigned practice monitor shall ensure that respondent maintains complete records relating to maintenance of client funds and that respondent complies with all of the practice monitor's recommendations.  Respondent must be in full compliance with the practice monitor's requirements for a period of twelve consecutive months.  After the practice monitor determines that respondent has been in full compliance for twelve consecutive months, respondent must sign an acknowledgement that she is in compliance with the practice monitor's requirements and file the

signed acknowledgement with the Office of Disciplinary Counsel. This must be accomplished no later than two years after the date of this opinion.

In the event that respondent's probation is revoked, she will serve the remaining thirty days of her suspension. Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16 and Board Rule 9.

*So ordered.*